**THOMPSON HINE LLP**
Riccardo M. DeBari (026232008)
335 Madison Avenue, 12th Floor
New York, NY 10017
T: (212) 344-5680
F: (212) 344-6101
Riccardo.DeBari@ThompsonHine.com
*Attorney for Defendant Jeffers Crane Service, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS H. PILLSBURY, JR. and MELODY PILLSBURY, <br><br>                        Plaintiffs, <br><br> v. <br><br> PBF ENERGY, INC., and JEFFERS CRANE SERVICE, INC., <br><br>                      Defendants. | Case No. 2:20-cv-09301 |

<u>**NOTICE OF REMOVAL**</u>

PLEASE TAKE NOTICE that Defendant Jeffers Crane Service, Inc. ("Jeffers"), hereby removes this action, currently pending as Case No. MRS-L-001448-20 in the Superior Court of New Jersey, Morris County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

In support of this Notice of Removal, Jeffers states:

1.      On or about July 14, 2020, Plaintiffs Thomas H. Pillsbury, Jr. and Melody Pillsbury filed a Complaint against PBF Energy, Inc. ("PBF"), and Jeffers, in the Superior Court of New Jersey, Morris County (Case No. MRS-L-001448-20).

2.      Jeffers was served with the Summons and Complaint via personal service at its place of business on July 22, 2020.  (See Summons and Complaint, attached as Exhibit A.)  The

Summons and Complaint constitute all process, pleadings, and orders served in the State Court Action and constitute Jeffers's first notice of the lawsuit. Accordingly, this Notice of Removal is timely filed within the thirty (30) days allotted for removal by 28 U.S.C. § 1446(b).

3. Upon information and belief, at the time of the filing of this notice of removal, defendant PBF had not been served with the Summons and Complaint. Thus, PBF need not join in or consent to this removal per 28 U.S.C. § 1446(b); *Brown v. JEVIC*, 575 F.3d 322, 327 (3d Cir. 2009).

4. Plaintiffs claim to be residents of the State of Georgia. (*See* Complaint, preamble.) Upon information and belief, Plaintiffs' domicile, and thus citizenship, is Georgia.

5. Jeffers is now, and was when this action was filed, an Ohio corporation with its principal place of business at 5421 Navarre Ave., Oregon, Ohio 43616. (*See* Complaint, ¶ 3.) Thus, Jeffers is a citizen of Ohio.

6. PBF is now, and was when this action was filed, a Delaware corporation with its principal place of business at 1 Sylvan Way, 2nd Floor, Parsippany, New Jersey 07054. (*See* Complaint, ¶ 2.) Thus, upon information and belief, PBF is a citizen of Delaware and New Jersey.

7. There are no other defendants in this action. Accordingly, there is complete diversity per 28 U.S.C. § 1332(a) because the case is between citizens of different states.

8. Jurisdiction is proper before this Court pursuant to 28 U.S.C. § 1441(b) because there is complete diversity among the parties, and no defendant that has been properly joined and served in this action is a citizen of New Jersey. Section 1441(b)(2) is unambiguous and precludes removal on the basis of in-state citizenship only when the in-state defendant has been properly joined and served. *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018 (affirming district court's denial of a motion to remand where the in-state defendant removed

the case to federal court before being properly joined and served); *see also Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as the federal district court can assume jurisdiction over the action."); *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F. 3d 482, 487 (5th Cir. 2020) (holding non-forum defendant's removal proper under Section 1441 where the forum-defendants had not been properly joined and served at the time of removal). Because PBF had not been joined served at the time of removal, 28 U.S.C. § 1441(b) is not applicable.

9.      In the Complaint, Plaintiffs assert claims for negligence, careless, reckless, and/or unreasonable conduct.  (Complaint, ¶¶ 8, 14.)  Plaintiffs seek damages for alleged serious and permanent bodily injuries to Thomas H. Pillsbury, Jr., necessitating the payment of large sums of money for medical care, including for surgery, and causing pain and suffering and incapacitating injuries that allegedly prevent him from performing activities of daily living and from participating in his gainful employment, and resulting in future pain and suffering and medical care.  (*Id.*) Melody Pillsbury seeks damages for loss of society, services, and consortium, and out-of-pocket expenses related to Mr. Pillsbury's medical care.  (Complaint, ¶ 16.)  Upon information and belief, based on the nature of the injuries alleged and Plaintiff's claims in the state action for compensatory damages, the amount in controversy exceeds the sum of $75,000.00.  Therefore, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which Jeffers may remove to this Court pursuant to 28 U.S.C. § 1441(b).

10.     Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place wherein the state action is pending, the Superior Court of New Jersey, Morris County.

11.     Promptly upon filing this Notice of Removal with this Court, Jeffers will give written notice of this removal to Plaintiffs and PBF and will file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Morris County.

12.     As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Jeffers are attached hereto as Exhibit A.

13.     By filing this Notice of Removal, Jeffers does not waive, and hereby reserves, all objections as to service, personal jurisdiction, and any other defenses which Jeffers may have.

WHEREFORE, Jeffers respectfully gives notice that this action is to be, and hereby is, removed from the Superior Court of New Jersey, Morris County, to the United States District Court for the District of New Jersey.

/s/ *Riccardo M. DeBari*
Riccardo M. DeBari
Thompson Hine LLP
335 Madison Avenue
12th Floor
New York, New York 10017-4611
Telephone: (212) 344-5680
Facsimile: (212) 344-6101
Riccardo.DeBari@thompsonhine.com

Conor A. McLaughlin *(motion for pro hac vice admission forthcoming)*
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

Tel:  (216) 566-5500
Fax: (216) 566-5800
Conor.mclaughlin@thompsonhine.com

*Attorneys for Defendant*
*Jeffers Crane Service, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and accurate copy of the foregoing Notice of Removal

will have been served by First Class Mail by July 23, 2020, upon the following:

Kevin T. Kutyla, Esq.
Law Office of Kevin T. Kutyla
15 Commerce Blvd #310
Succasunna, NJ 07876

Anthony G. Buzbee, Esq.
Ryan S. Pigg, Esq.
Cornelia Brandfield-Harvey, Esq.
Ben Agosto III, Esq.
The Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, TX 77022

*Attorneys for Plaintiffs*

/s/ *Riccardo M. DeBari*
*Attorney for Defendant*
*Jeffers Crane Service, Inc.*