**THOMPSON HINE LLP**
Riccardo M. DeBari (026232008)
335 Madison Avenue, 12th Floor
New York, NY 10017
T: (212) 344-5680
F: (212) 344-6101
Riccardo.DeBari@ThompsonHine.com
*Attorney for Defendant Jeffers Crane Service, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS H. PILLSBURY, JR. and MELODY PILLSBURY,<br><br>Plaintiffs,<br><br>v.<br><br>PBF ENERGY, INC., and JEFFERS CRANE SERVICE, INC.,<br><br>Defendants. | Case No. 2:20-cv-09301-MCA-LDW<br><br>JUDGE MADELINE COX ARLEO<br><br>**DEFENDANT JEFFERS CRANE SERVICE, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND................................................................................................ 1

LAW AND ARGUMENT .................................................................................................... 2

I.   Standard for a Rule 12(b)(2) Motion to Dismiss. .................................................... 2

II.  Plaintiffs' Complaint Fails to Allege Sufficient Facts to Demonstrate Personal Jurisdiction over Jeffers in New Jersey. ................................................................... 2

   A.   Jeffers is Not "At Home" in New Jersey. ....................................................... 3

   B.   Plaintiffs Cannot Show Specific Jurisdiction Because Jeffers Did Not Direct Activities to New Jersey Relevant to Plaintiffs' Claims. .................................... 4

III. In the Alternative, the Case May Be Transferred to the Northern District of Ohio. ............... 7

CONCLUSION...................................................................................................................... 8

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                                    **Pages**

*BNSF Ry. v. Tyrell*, 137 S. Ct. 1549 (2017) ................................................................................3

*Bristol-Meyers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
137 S. Ct. 1773 (2017) ..................................................................................................3, 4, 5

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ..........................................................................3, 4

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124 (3d Cir. 2020) .........2, 4, 5, 7

*Decker v. Circus Hotel*, 49 F. Supp. 2d 743 (D.N.J. 1999) .................................................2, 3, 6, 7

*Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004) ......................................................2

*Doe v. Nat. Media Servs.*, 974 F.2d 143 (10th Cir. 1992) ................................................................5

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008) ...........................5

*Hanson v. Denckla*, 357 U.S. 235 (1958) .......................................................................................4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) .....................................5

*Huzinec v. Six Flags Great Adventure, LLC*, No. 16-2754, 2018 U.S. Dist. LEXIS 68295
(D.N.J. April 24, 2018) ....................................................................................................2, 3, 4, 6

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998) ................................................2, 3, 5

*Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561 (3d Cir. 2017) ............................................3, 6

*N. Am. Elite Ins. Co. v. Gen. Aviation Flying Serv.*, No. 18-14575, 2020 U.S. Dist.
LEXIS 54555 (D.N.J. Mar. 30, 2020) ................................................................................. 4

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312 (3d Cir. 2007) .............................................4, 5

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir. 1984) ....................2, 3, 4

*Walden v. Fiore*, 571 U.S. 277 (2014) .........................................................................................4, 5

**Statutes**

28 U.S.C. § 1406(a) ........................................................................................................................7

28 U.S.C. § 1631 .............................................................................................................................7

Fed. R. Civ. P. 12(b)(2) ................................................................................................................2, 8

N.J. Civ. Prac. R. 4:4-4 ............................................................................................................3

## INTRODUCTION

On April 1, 2020, Plaintiff Thomas Pillsbury, a Georgia resident, was injured while working as a construction foreman on a project at the Toledo Refining Company, LLC, in Toledo, Ohio.[1] Defendant Jeffers Crane Services, Inc. ("Jeffers") is an Ohio corporation with its principal place of business in Ohio and has no business presence or operations in New Jersey. Jeffers contracted with Toledo Refining Company to provide and operate cranes on the construction project. Plaintiffs sued in New Jersey, allegedly the domicile of Toledo Refining Company's ultimate parent, PBF Energy, Inc. ("PBF Energy"). But Plaintiffs' Complaint is devoid of any allegation that there is any nexus between their claims against Jeffers and the state of New Jersey. That is, Plaintiffs do not allege—nor can Plaintiffs produce any evidence to show—that Jeffers has any relevant contacts with the forum state of New Jersey, much less that Plaintiffs' claims arose out of Jeffers' activities in New Jersey. Accordingly, Plaintiffs cannot establish personal jurisdiction over Jeffers in New Jersey, and their claims against Jeffers should be dismissed.

## FACTUAL BACKGROUND

Plaintiffs are not New Jersey residents; they reside in Georgia. (Complaint, preamble.) At the time of the alleged injury, Mr. Pillsbury was working in the course and scope of his employment at a construction site on the property of Toledo Refining Company in Toledo, Ohio. (Complaint ¶¶ 1 and 4.) Mr. Pillsbury's was employed by Universal Plant Services, (*id*.), which is not a party to this lawsuit. Plaintiffs allege Mr. Pillsbury was working with Jeffers personnel when he was injured. (*Id*. at ¶¶ 11 and 12.) The incident occurred in Ohio. (*Id*.)

Jeffers is an Ohio Corporation with its principal place of business in Ohio. (*Id*. at ¶ 3; Declaration of David E. Bucher ("Bucher Decl.") ¶ 3, attached as Exhibit A.) Jeffers contracted

---

[1] Melody Pillsbury, Mr. Pillsbury's wife, is also a plaintiff in this action.

with Toledo Refining Company to provide and operate cranes as part of the construction project. (Bucher Decl. ¶ 6.) The contract was negotiated in Ohio, executed in Ohio, and has an Ohio choice of law and jurisdiction provision. (*Id*. at ¶¶ 7-8.) Jeffers did not enter into a contract with PBF Energy related to the project at Toledo Refining Company. (*Id*. at ¶ 10.) Further, Jeffers does not have any offices or employees located in New Jersey, is not licensed to do business in New Jersey, and does not perform any services on projects in New Jersey. (*Id*. at ¶¶ 4-5, 11.)

## LAW AND ARGUMENT

### I. Standard for a Rule 12(b)(2) Motion to Dismiss.

Where a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff must present sufficient facts to show that jurisdiction is proper. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). The plaintiff may not rely on bare pleadings alone, but must establish jurisdiction through competent evidence. *Huzinec v. Six Flags Great Adventure, LLC*, No. 16-2754, 2018 U.S. Dist. LEXIS 68295 at *6 (D.N.J. April 24, 2018); *Time Share Vacation Club v. Atlantic Resorts, Ltd*., 735 F.2d 61, 66 n. 9 (3d Cir. 1984); *Decker v. Circus Hotel*, 49 F. Supp. 2d 743, 750 (D.N.J. 1999). A motion to dismiss should be granted where, as here, the plaintiff's complaint lacks any plausible allegations to demonstrate that the defendant is subject to personal jurisdiction in the forum. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004).

### II. Plaintiffs' Complaint Fails to Allege Sufficient Facts to Demonstrate Personal Jurisdiction over Jeffers in New Jersey.

To exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step analysis. First, the court must determine whether the relevant state long-arm statute permits the exercise of personal jurisdiction. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Huzinec*, 2018 U.S. Dist. LEXIS 68295 at *7. Second, the court must

2

determine whether exercising personal jurisdiction comports with federal due process. *IMO Indus.*, 155 F.3d at 259; *Huzinec*, 2018 U.S. Dist. LEXIS 68295 at *7. In New Jersey, the inquiry is combined into a single step because the state's long-arm statute, N.J. Civ. Prac. R. 4:4-4, permits the exercise of personal jurisdiction to the extent of due process. *IMO Indus.*, 155 F.3d at 259; *Decker*, 49 F. Supp. 2d at 745. The Due Process Clause precludes a court from exercising personal jurisdiction over a foreign defendant absent sufficient minimum contacts between the defendant and the forum. *Time Share Vacation Club*, 735 F.2d at 63.

There are two types of personal jurisdiction: general or specific. *Bristol-Meyers Squibb Co. v. Superior Court of California,* San *Francisco Cty.,* 137 S. Ct. 1773, 1780 (2017); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). The Complaint lacks allegations sufficient to demonstrate Jeffers is subject to either type of personal jurisdiction in New Jersey.

### A. Jeffers is Not "At Home" in New Jersey.

A court may exercise general jurisdiction over a corporate defendant only if the defendant's contacts "are so 'continuous and systematic' as to render [it] essentially 'at home' in the forum state." *BNSF Ry. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 571 U.S. at 137). A finding of general jurisdiction will render the defendant subject to suit in the forum even for claims unrelated to the defendant's activities in the forum. *Daimler,* 571 U.S. at 137. General jurisdiction almost always lies only in the corporate entity's place of incorporation and principal place of business. *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563-64 (3d Cir. 2017); *see also, Daimler*, 571 U.S. at 137; *Bristol-Myers*, 137 S. Ct. at 1780.

Here, Plaintiffs correctly identify Ohio as Jeffers's state of incorporation and forum of its principal place of business. (Complaint ¶ 3; Bucher Decl. ¶ 3.) Plaintiffs do not allege that Jeffers has any continuous and systematic contacts with New Jersey such that it is at home in the state, nor could they. Accordingly, Plaintiffs are unable to establish general jurisdiction over Jeffers.

3

### B.     Plaintiffs Cannot Show Specific Jurisdiction Because Jeffers Did Not Direct Activities to New Jersey Relevant to Plaintiffs' Claims.

Specific jurisdiction is available only if the cause of action arose out of the defendant's contacts with the forum. *Huzinec*, 2018 U.S. Dist. LEXIS 68295 at *11 (citing *Daimler*, 571 U.S. at 127 and *Bristol-Myers Squib*, 137 S. Ct. at 1785). The Third Circuit applies a three-part test in determining whether specific jurisdiction exists, requiring a plaintiff to prove with reasonable particularity that: (1) the defendant purposefully directed its activities at the forum; (2) the litigation arises out of or relates to those activities; and (3) the exercise of jurisdiction otherwise comports with fair play and substantial justice. *Danziger & De Llano, LLP*, 948 F.3d at 129-30; *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Critically, the minimum contacts necessary to satisfy due process must be contacts that the defendant itself creates with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Complaint's allegations fall far short of what is necessary to prove personal jurisdiction over Jeffers.

First, purposeful availment requires deliberate targeting of the forum. *Time Share Vacation Club*, 735 F.2d at 65; *N. Am. Elite Ins. Co. v. Gen. Aviation Flying Serv.*, No. 18-14575, 2020 U.S. Dist. LEXIS 54555, *12 (D.N.J. Mar. 30, 2020) (defendant purposefully directed its activities at New Jersey by operating multiple facilities, registering to do business, and contracting to provide services in New Jersey). Plaintiffs do not allege that Jeffers purposefully avail[ed] itself of the privilege of conducting activities" in New Jersey. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The only connection between Plaintiffs' claims and New Jersey, apparently, is the domicile of defendant PBF Energy. That is irrelevant for two reasons. First, another party's residence and actions in the forum does not factor into the analysis of jurisdiction over Jeffers. *See Walden*, 571 U.S. at 284-85; *Time Share Vacation Club*, 735 F.2d at 65 (plaintiff's presence and contract-related activities in Pennsylvania could not establish that the defendant voluntarily directed activities to

4

Pennsylvania).  Indeed, courts have consistently rejected attempts to prove specific jurisdiction over a foreign defendant by demonstrating contacts between other parties and the forum state.  *See Walden*, 571 U.S. at 284 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)); *IMO Indus.*, 255 F.3d at 259 n. 3 (affirming lack of personal jurisdiction, finding in intentional tort case that New Jersey plaintiff's unilaterally calling and sending letters to German defendant were insufficient to show purposeful availment); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1073 (10th Cir. 2008) (citing *Doe v. Nat. Media Servs.*, 974 F.2d 143, 146 (10th Cir. 1992), for the proposition that "the unilateral activity of another party is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction").  Second, Plaintiffs do not allege that Jeffers had any relationship with PBF Energy.[2]  Jeffers had a contract with Toledo Refining Company. (Bucher Decl. ¶ 6.)  The contract was executed in Ohio, relates to work performed in Ohio, and has an Ohio choice of law provision.  (*Id*. ¶¶ 7-8.)  There are simply no allegations suggesting Jeffers purposefully directed activities into New Jersey at any time.

Second, Plaintiffs bear the burden of establishing that their suit arises out of or relates to Jeffers's contacts with New Jersey.  *See Bristol-Myers*, 137 S. Ct. at 1780 (citations omitted). There must be an affiliation between Jeffers's activities in New Jersey and the underlying controversy.  *Id*.  This inquiry focuses on whether Jeffers's suit-related conduct created a substantial connection with the forum.  *Walden*, 571 U.S. at 284.  Tort claims, which Plaintiffs raise here, require a direct causal connection between the claims and the defendant's contacts with the forum state.  *Danziger & De Llano, LLP*, 948 F.3d at 130.

---

[2] Even if Plaintiffs made such an allegation, contacts with a forum resident that take place outside the forum cannot establish purposeful contact with the forum.  *O'Connor*, 496 F.3d at 317-18 ("contact with vacationing Pennsylvanians is no substitute for contact with Pennsylvania.").

5

Again, Plaintiffs make no allegation that Jeffers had any contacts with New Jersey, much less that their claims arose from Jeffers's contacts with New Jersey. At best, Plaintiffs claim Jeffers performed work for a company, Toledo Refining Company, whose ultimate parent is a New Jersey corporation. (*See* Complaint ¶ 5.) That is insufficient. Plaintiffs claim Jeffers was negligent in Ohio, causing Mr. Pillsbury's injury in Ohio. Jeffers was present on the worksite because of a contract executed in Ohio, with an Ohio entity, and including an Ohio choice of law provision. (Bucher Decl. ¶¶ 6-8.) The incident occurred in Ohio. (Complaint ¶¶ 11 and 12.) In short, none of Jeffers's relevant conduct relates to New Jersey.

Courts routinely find personal jurisdiction lacking in cases involving foreign defendants that actually have contacts with the forum, unlike Jeffers. For instance, in *Huzinec* the Court granted a motion to dismiss Six Flags' third-party action against Celebration Tours. 2018 U.S. Dist. LEXIS 68295. A plaintiff sued Six Flags for negligence after being struck by a flying cellphone on a rollercoaster ride at one of Six Flags' New Jersey parks. *Id.* at *3. Celebration purchased tickets to the park and arranged transportation for the travel tour that included the phone's owner. *Id.* at *4-5. The Court held that the underlying negligence claims for which Six Flags sought defense and indemnity did not arise out of Celebration's contacts with the forum— purchasing tickets and arranging transportation; rather, the claims related to an alleged tort committed by a tour guest. *Id.* at *13-16; *see also Malik*, 710 F. App'x at 564-65 (affirming dismissal of non-resident corporation for lack of personal jurisdiction where the slip-and-fall incident occurred in Pennsylvania and the corporation's New Jersey ties were unrelated to the plaintiff's negligence claims); *Decker*, 49 F. Supp. 2d at 750 (lack of personal jurisdiction over Las Vegas casino that engaged in national television and print advertising available in New Jersey, communicated with customers in New Jersey, and had other ties to New Jersey, because plaintiff's

6

negligence claim related to the condition of the property in Las Vegas, rather than the defendant's contacts with New Jersey); *Danziger & De Llano, LLP*, 948 F.3d at 130 (affirming dismissal for lack of personal jurisdiction where law firm was sued on contract and tort theories arising out of a fee-sharing dispute; the underlying lawsuit was litigated in Pennsylvania, but the fee agreement was neither formed nor breached and the fees were not misappropriated in Pennsylvania).

The same result is warranted here. Plaintiffs fail to allege sufficient facts to demonstrate that Jeffers directed activities into New Jersey or that Plaintiffs' claims arise out of those activities. Plaintiffs' allegations are insufficient to demonstrate Jeffers had sufficient minimum contacts with New Jersey such that exercising jurisdiction comports with due process. As a result, Plaintiffs are unable to establish specific jurisdiction over Jeffers and their claims should be dismissed.

**III.     In the Alternative, the Case May Be Transferred to the Northern District of Ohio.**

Jeffers acknowledges that it would be properly subject to personal jurisdiction in this matter in Ohio; Toledo Refining Company and, upon information and belief, PBF Energy also are subject to jurisdiction in Ohio. Where a court (1) lacks jurisdiction over a matter, 28 U.S.C. § 1631, or (2) is an improper venue, 28 U.S.C. § 1406(a), the court may transfer the matter to a district that has jurisdiction and/or is a proper venue for the action if doing so is in the interests of justice. *See Danziger & De Llano, LLP*, 948 F.3d at 132-33 (discussing the court's discretion to transfer under Sec. 1631); *Decker*, 49 F. Supp. 2d at 750 (action transferred under Sec. 1406(a)). The Northern District of Ohio, Western Division can exercise jurisdiction over each proper defendant here and is a proper venue for this action, as it embraces Lucas County, Ohio, where the incident occurred. The Court's dismissing Jeffers for lack of personal jurisdiction likely will result in Plaintiffs refiling the action in Ohio. For judicial economy, and to avoid that burdensome process and time and expense for the parties, the Court may determine the interests of justice are better served by transferring the case to a proper venue where the action originally could have been filed.

7

## **CONCLUSION**

For the foregoing reasons, pursuant to Civil Rule 12(b)(2), Defendant Jeffers Crane Service, Inc., respectfully requests that the Court dismiss the claims against it for lack of personal jurisdiction. In the alternative, if the Court determines the interests of justice are better served by transferring the case, the case should be transferred to the Northern District of Ohio, Western Division.

                          Respectfully submitted,

                          /s/ *Riccardo M. DeBari*
                          Riccardo M. DeBari
                          Thompson Hine LLP
                          335 Madison Avenue, 12th Floor
                          New York, NY 10017-4611
                          Telephone: (212) 344-5680
                          Riccardo.DeBari@thompsonhine.com

                          *Attorneys for Defendant*
                          *Jeffers Crane Service, Inc.*

                          Of Counsel:

                          Conor A. McLaughlin (application to appear *pro hac vice* to be filed if necessary)
                          Thompson Hine LLP
                          3900 Key Center
                          127 Public Square
                          Cleveland, OH 44114
                          Telephone: (216) 566-5500
                          Conor.McLaughlin@thompsonhine.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and accurate copy of the foregoing Motion to Dismiss for Lack of Personal Jurisdiction was served via ECF by August 12, 2020, upon the following:

Kevin T. Kutyla, Esq.
Law Office of Kevin T. Kutyla
15 Commerce Blvd #310
Succasunna, NJ 07876

Anthony G. Buzbee, Esq.
Ryan S. Pigg, Esq.
Cornelia Brandfield-Harvey, Esq.
Ben Agosto III, Esq.
The Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, TX 77022

*Attorneys for Plaintiffs*

The undersigned certifies that a true and accurate copy of the foregoing Motion to Dismiss for Lack of Personal Jurisdiction will have been served by First Class Mail by August 12, 2020, upon the following:

PBF Energy, Inc.
1 Sylvan Way, 2nd Floor
Parsippany, NJ 07054

*Defendant*

                                            /s/ *Riccardo M. DeBari*
                                            *Attorney for Defendant*
                                            *Jeffers Crane Service, Inc.*